RECORD NO. 15-4046

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**JEFFREY NATHAN SPARKS,**

*Defendant – Appellant.*

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT STATESVILLE**

---

**BRIEF OF APPELLANT**

---

Robert C. Carpenter
ADAMS, HENDON, CARSON,
　CROW AND SAENGER, P.A.
72 Patton Avenue
Asheville, North Carolina  28801
(828) 252-7381

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF ISSUES .....................................................................................1

STATEMENT OF THE CASE................................................................................1

SUMMARY OF THE ARGUMENT .....................................................................4

STANDARD OF REVIEW .....................................................................................4

ARGUMENT ...........................................................................................................4

CONCLUSION ........................................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Anders v. California*,
    386 U.S.738 (1967)..................................................................................1, 4, 9

*Daniels v. Lee*,
    316 F.3d 477 (4th Cir. 2003) ...............................................................................6

*Huffington v. Nuth*,
    140 F.3d 572 (4th Cir. 1998) ...............................................................................6

*Smith v. Moore*,
    137 F.3d 808 (4th Cir. 1998) ...............................................................................5

*Strickland v. Washington*,
    466 U.S. 668 (1984)..........................................................................................5, 6

*United States v. Blick*,
    408 F.3d 162 (2005) .............................................................................................4

*United States v. Chapman*,
    593 F.3d 365 (4th Cir. 2010) ...............................................................................6

*United States v. Engle*,
    676 F.3d 405 (2012) .............................................................................................8

*United States v. Hoyle*,
    33 F.3d 415 (4th Cir. 1994) .................................................................................5

*United States v. Lewis*,
    10 F.3d 1086 (4th Cir. 1993) ...............................................................................8

*United States v. Muhammad*,
   478 F.3d 247 (2007) ..................................................................................8

*United State v. Tucker*,
   603 F.3d 260 (2010) ..................................................................................7

## **STATUTES**

18 U.S.C. § 2552(e) ..........................................................................................3

18 U.S.C. § 3553(a) ..........................................................................................3

18 U.S.C. § 3742(a) ..........................................................................................1

21 U.S.C. § 802 ................................................................................................1

21 U.S.C. § 802(34)(K) ....................................................................................2

21 U.S.C. § 841 ................................................................................................1

21 U.S.C. § 841(a)(1) .......................................................................................2

21 U.S.C. § 841(c)(2) .......................................................................................2

28 U.S.C. § 2255 ..........................................................................................1, 5

## **RULE**

Fed. R. Crim. P. 11 ...........................................................................................2

Fed. R. Crim. P. 32(i)(4)(A)(ii) .........................................................................7

## **GUIDELINES**

U.S.S.G. § 2D1.1(b)(1) .....................................................................................2

U.S.S.G. § 5K1.1 ..............................................................................................3

## JURISDICTIONAL STATEMENT

Jurisdiction was vested in the United States District Court for the Western District of North Carolina pursuant to Title 21 U.S.C. §§ 802 and 841. Jurisdiction is vested in this Court pursuant to Title 18 U.S.C. § 3742(a). Judgment was entered in the District Court on December 13, 2013. (DE 648). Defendant did not timely file a notice of appeal. Defendant filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 on September 26, 2014, claiming, *inter alia*, that his attorney failed to file a notice of appeal on his behalf despite requests he do so. (DE 799). The District Court granted the Motion to Vacate on January 7, 2015. (DE 825). It filed an Amended Judgment on January 13, 2015. (DE 830). Appellant, through counsel, filed a Notice of Appeal on January 15, 2015. (DE 831). Appellant, pro se, filed a Notice of Appeal on January 26, 2015. (DE 836).

## STATEMENT OF ISSUES

After a review pursuant to *Anders v. California*, 386 U.S.738 (1967), whether the Appellant was subjected to ineffective assistance of counsel and whether Appellant waived the right to allocute and if not, whether the failure of the Court to allow allocution prejudiced Appellant.

## STATEMENT OF THE CASE

The Government filed a superseding bill of indictment against Defendant-Appellant Jeffrey Nathan Sparks ("Defendant") on June 19, 2012, on two counts.

(DE 198). Count one alleged that Defendant engaged in a conspiracy to distribute, possesses with intent to distribute and manufacture a controlled substance in violation of 21 U.S.C. § 841(a)(1). (DE 198). Count two alleged that Defendant possessed pseudoephedrine in violation of 21 U.S.C. §§ 841(c)(2) and 802(34)(K).

Defendant entered a plea agreement with the Government that was filed on February 5, 2013. (DE 353). He pled guilty to count one. (DE 353 at 1). The Government agreed to dismiss all remaining counts. (DE 353 at 1). The parties agreed that the amount of methamphetamine that was known or reasonably foreseeable to Defendant was between 350 grams and 1.5 kilograms. (DE 353 at 2). The parties agreed not to seek a departure from the guideline range at sentencing. (DE 353 at 3). Defendant further waived his right to appeal except for prosecutorial misconduct or ineffective assistance of counsel. (DE 353 at 5). Defendant affirmed and acknowledged his understanding of these provisions and others at the Rule 11 hearing, which was held on February 8, 2013. (DE 855).

The draft Presentence Investigation Report ("PSI") was filed on May 22, 2013. (DE 455). The draft PSI, among other things, recommended a two point enhancement for possessing a firearm during the offense pursuant to U.S.S.G. § 2D1.1(b)(1). (DE 455 at 12). The recommended offense level was 34 and the guideline range was between 168 and 210 months. (DE 455 at 21).

Defendant, through counsel, objected to many of the findings of the draft PSI. (DE 273). Included in these objections was an objection to the firearm enhancement. (DE 273 at 2). Ultimately, the PSI was not changed and the firearm enhancement remained. (DE 476).

Sentencing was held on December 4, 2013. (DE 854). Defendant, through counsel, raised the same objections including the objection to the firearm enhancement. (DE 854 at 33). The Court overruled Defendant's objections and found that the probation officer had accurately calculated the sentencing range of 168 to 210 months. (DE 854 at 37-38). The Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 2552(e). (DE 622). The Court granted that motion making the sentencing range between 135 to 168 months. (DE 854 at 39, 46). The Government recommended a sentence of 135 months. (DE 854 at 44). The Court did not provide Defendant a chance to allocute before it sentenced him. (DE 8454).

The Court, taking into account the 18 U.S.C. § 3553(a) factors, departed from the recommended sentencing range of 135 to 168 months to a sentencing range of 63 to 78 months. (DE 854 at 48). The Court then sentenced him to lowest end of this range, i.e. 63 months. (DE 854 at 48; DE 648).

3

## SUMMARY OF THE ARGUMENT

In this *Anders* review, Defendant raises several issues with respect to the performance of his counsel, but there nothing in the record to support an ineffective assistance of counsel claim and even if there were, Defendant was not prejudiced because he was sentenced significantly below the guideline range. Similarly, Defendant was denied a chance to allocute prior to his sentence, but that denial did not prejudice Defendant because he was sentenced far below the guideline range.

## STANDARD OF REVIEW

The standard of review for an *Anders* submission is a *de novo* review of the entire record and all pertinent documents to determine whether the case is wholly frivolous. *Anders*, *supra*.

## ARGUMENT

Defendant waived his right to appeal his sentence except as to matters related to ineffective assistance of counsel and prosecutorial misconduct. (DE 353 at 5). Such waivers are binding. *United States v. Blick*, 408 F.3d 162, 169 (2005). There is no indication of prosecutorial misconduct. By virtue of the plea agreement, the only issue on appeal not specifically waived is ineffective assistance of counsel.

4

There is a two-prong test for claims of ineffective assistance of counsel: an appellant must first show that his counsel's performance was below "an objective standard of reasonableness" and then prove a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-691, 694 (1984). Ineffective assistance of counsel is a mixed question of law and fact that is reviewed *de novo*. *Smith v. Moore*, 137 F.3d 808, 817 (4th Cir. 1998). Claims of ineffective assistance of counsel cannot be raised on direct appeal unless the ineffectiveness appears on the trial record. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

Defendant's claims of ineffective assistance of counsel are summarized in his motion to vacate under 28 U.S.C. § 2255. (DE 799). He complains that his attorney "failed to provide [him] with the necessary information to make a knowing, voluntary and intelligent waiver of [his] right to trial for signing the plea agreement" and "failed to object to and fight enhancement which unnecessarily elongated [his] sentence and has denied [him] the opportunity to take full advantage of certain Bureau of Prison Programs."[1] (DE 799 at 4).

Defendant elaborated in his memorandum in support of his motion that he was "continually kept in the dark" by his attorney, "unaware of the full extent of

---

[1] He also alleged that his attorney failed to file a notice of appeal on his behalf, but that has been resolved in his favor. (DE 825).

5

his plea agreement or the fact that he had given substantial assistance" and that he was unaware of the two point firearm enhancement. (DE 799-1 at 13). He also said he made the decision not to testify at sentencing because of bad or incorrect information. (DE 799-1 at 13). Of these issues, Defendant's greatest concern appears to be the firearm enhancement. (DE 799-1 at 14-16).

The record does not reflect any communication issues between Defendant and his attorney. Just the opposite, Defendant expressed satisfaction with his attorney at sentencing. (DE 854 at 6, 51). He also testified at sentencing that he understood the plea agreement and the consequences of pleading guilty. (DE 854 at 2-7). There is therefore nothing in the record to point to ineffective assistance of counsel based on any communication issues or a lack of understanding of the plea agreement.

Defendant also says he was incorrectly advised about whether to testify at sentencing. Whether to call a defendant as a witness during sentencing is a tactical decision for the attorney. *Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003). *But see*, *United States v. Chapman*, 593 F.3d 365, 368 (4th Cir. 2010) (decision to "take the stand" a decision of defendant); and *Strickland* at 687 (a capital sentencing hearing is indistinguishable from a trial). There is a strong presumption that tactical decisions do not rise to ineffective assistance of counsel. *Huffington v. Nuth*, 140 F.3d 572, 579 (4th Cir. 1998). There is nothing in the record to evidence

6

the subject communication between the attorney and Defendant so it is impossible to tell whether the attorney provided poor advice or who made the decision to testify or not testify. Since the record on its face does not show ineffective assistance, the Court cannot rule that the attorney's performance was below an objective standard of reasonableness.

Finally, there is Defendant's allegation that his counsel failed to object to the firearm enhancement. Failing to object to the erroneous application of the sentencing guidelines may be considered ineffective assistance of counsel. *United State v. Tucker*, 603 F.3d 260 (2010). Defendant's attorney, however, did object and argued against the firearm enhancement. (DE 273; DE 854 at 33). There, therefore, cannot be ineffective assistance.

Even if Defendant's attorney failed to object or otherwise rendered ineffective assistance of counsel, the Court entered a judgment remarkably below the sentencing guideline range. Defendant was therefore not prejudiced by any potential ineffective assistance of counsel.

The final potential grounds for appeal concern the District Court's failure to provide Defendant a chance to allocute prior to sentencing. The District Court is required to address a defendant personally to provide him or her an opportunity to address the court regarding a potential sentence. Fed. Rule. Crim. Pro. 32(i)(4)(A)(ii). The District Court did not provide Defendant such an opportunity

7

until after the sentence had been pronounced. (DE 854). Thus, on its surface and assuming he did not waive his right to appeal this issue, it appears that Defendant was not afforded his right to allocute prior to his sentence. (DE 39-46).

Defendant, however, failed to object to that denial so the issue is subject to plain error review. *U.S. v. Muhammad*, 478 F.3d 247 (2007) (plain error when court did not permit the defendant an opportunity to allocute at resentencing). Plain error review requires that the error affected a substantial right or prejudiced the defendant. *Id*. at 249. It does not affect a substantial right when a defendant could not have received a shorter sentence. *United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993). Additionally, "when a judge announces a sentence before hearing an allocution, it is fair to assume that such a sentence is tentative and that the judge will consider the defendant's statements before imposing a final sentence." *U.S. v. Engle*, 676 F.3d 405 (2012).

Applying these concepts here, Defendant was not prejudiced by the District Court's oversight in not allowing allocution prior to the sentence because the Court sentenced him so far below the guideline range. Additionally, the Court here provided a chance for Defendant to address the Court at the conclusion of the sentencing hearing so the Court did hear from Defendant prior to entering final judgment. (DE 854). As such, the failure to permit Defendant an opportunity to allocute prior to the sentence is not a justifiable issue on appeal.

8

## CONCLUSION

Appellate Counsel respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether any justifiable issue has been overlooked by counsel.  In accordance with *Anders*, counsel submits this brief in order to provide what assistance he can to the Court in conducting its review.  Counsel respectfully requests that this Court allow the Appellant time "to raise any points that he chooses" in support of his appeal. *Anders*, 386 U.S. at 744.

Respectfully submitted,

**ADAMS, HENDON, CARSON, CROW AND SAENGER, P.A.**

/s/ Robert C. Carpenter
Robert C. Carpenter
N.C. Bar No.: 36672
P.O. Box 2714
Asheville, NC 28802
72 Patton Avenue (28801)
(828) 252-7381
(828) 252-5018 (fax)
bocarpenter@adamsfirm.com
*Attorney for Defendant-Appellant*

## **CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,927*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: June 11, 2015                            /s/ Robert C. Carpenter
                                                                    *Counsel for Appellant*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 11th day of June, 2015, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Amy E. Ray
>OFFICE OF THE U.S. ATTORNEY
>100 Otis Street, Room 233
>Asheville, North Carolina  28801
>(828) 271-4661
>
>*Counsel for Appellee*

I further certify that on this 11th day of June, 2015, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage pre-paid, to the Appellant:

>Mr. Jeffrey Nathan Sparks – 27600-058
>5756 Hartford & Pointvile Road
>Fort Dix, New Jersey  08640

>/s/ Robert C. Carpenter
>*Counsel for Appellant*